# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVILA MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-05682-MBK<br><br>ORDER DENYING WRIT OF HABEAS CORPUS |

Petitioner Jazmin Davila Martinez is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner entered the United States without inspection as a young child and has remained here for nearly forty years. She was initially apprehended by Immigration and Customs Enforcement ("ICE") in 2019 and subsequently released on supervision. In September 2026, ICE re-detained Petitioner

following her arrest for petty theft with two priors by the Riverside Sheriff's Department.

In this habeas action, Petitioner alleges her re-detention without notice, pre-deprivation process, or justification violates the Due Process Clause and the Administrative Procedure Act. Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), as amended by the Laken-Riley Act, on account of her criminal history. For the reasons that follow, the Court finds Petitioner is subject to mandatory detention and is not entitled to release.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Jazmin Davila Martinez is a citizen of Mexico. Dkt. 10-1 at 2. She first entered the United States without inspection as a four-year old and has remained here for the past thirty-seven years. *Id.*; Dkt. 14 at 3. Petitioner is a single parent for her five United States citizen children. Dkt. 14 at 3. Her eleven-year-old child suffers from depression and her two-year-old has been diagnosed with autism. *Id.*

Petitioner has a lengthy criminal history in the United States. Respondents provide Petitioner's Form I-213 (Record of Deportable/ Inadmissible Alien), which reflects from the period 2014-January 2019: a July 2014 arrest and conviction for misdemeanor petty theft (Cal. Penal Code § 490.5); a February 2016 arrest and conviction for misdemeanor petty theft (Cal. Penal Code § 488); a February 2017 arrest and conviction for two felony counts of using another person's identification to obtain credit (Cal. Penal Code § 530.5); a May 2017 arrest for misdemeanor use of another person's identification to obtain credit (Cal. Penal Code § 530.5); an August 2017 arrest for felony burglary (Cal. Penal Code § 459); a November 2017 arrest for felony

use of another person's identification to obtain credit (Cal. Penal Code § 530.5) and misdemeanor petty theft (Cal. Penal Code § 490.5); and a January 2019 arrest for misdemeanor possession of unlawful paraphernalia (Cal. Health and Safety Code § 11364(a)). Dkt. 10-1 at 4-5.

Following Petitioner's paraphernalia arrest, on January 10, 2019, Immigration and Customs Enforcement ("ICE") officers encountered Petitioner at the West Valley Detention Center in Rancho Cucamonga, California. Dkt. 10-1 at 2. *Id.* ICE took her into federal custody after she was released from West Valley. *Id.* On February 13, 2019, ICE released Petitioner on her own recognizance and enrolled her in the Alternatives to Detention program subject to GPS tracking. *Id.* at 3. ICE instructed Petitioner to report in person to the nearest ICE office on February 22, 2019. *Id.*

On August 22, 2019, an Immigration Judge ("IJ") ordered Petitioner removed *in absentia*. *Id.* On October 16, 2019, ICE arrested Petitioner at an Intensive Supervision Appearance Program office in San Bernardino, California. *Id.* Petitioner subsequently filed a motion to re-open with the Executive Office for Immigration Review ("EOIR"). *Id.* On October 24, 2019, an IJ granted Petitioner's motion to re-open. *Id.* On November 21, 2019, an IJ granted Petitioner a $10,000 bond. *Id.* On December 10, 2019, Petitioner was released from custody upon posting the bond. *Id.*

On October 20, 2020, a relative of Petitioner filed a Form I-130 (Petition for Alien Relative) on behalf of Petitioner with United States Citizenship and Immigration Services ("USCIS"). *Id.* On November 18, 2021, Petitioner filed a Form I-360 (Petition for Amerasian, Widow(er), or Special Immigrant) with USCIS. *Id.* On January 13, 2022, an IJ administratively closed Petitioner's

case. *Id.* On June 23, 2022, USCIS denied the I-130. *Id.* On December 2, 2025, USCIS denied the I-360.

Petitioner continued to engage in criminal activity following her release from ICE custody in early 2019. Her I-213 reflects: a February 2019 arrest and conviction for felony grant theft (Cal. Penal Code § 487(a)) and four counts of misdemeanor false checks/records/certificates (Cal. Penal Code § 470(d)); a January 2021 arrest and conviction for felony receipt of known stolen property (Cal. Penal Code § 11377(a)) and possession of a controlled substance (Cal. Health and Safety Code § 11364(a)); an October 27, 2021 arrest for felony grand theft (Cal. Penal Code § 487(a)), felony false checks/records/certificates (Cal. Penal Code § 470(d)), and three counts of misdemeanor forgery (Cal. Penal Code § 470(d)); a May 2022 arrest for misdemeanor mail theft and conviction for receipt of known stolen property and possession of personal identification with intent to defraud; a May 2022 arrest for felony conspiracy to commit crime (Cal. Penal Code § 182(a)(1)) and misdemeanor possession of a controlled substance (Cal. Penal Code § 11377(a)); a July 2023 arrest for felony false checks (Cal. Penal Code § 476(a)); and a September 2026 arrest for felony petty theft with two or more priors (Cal. Penal Code § 666.1(A)(1)). *Id.* at 4-5.

Following her most recent petty theft arrest, ICE lodged an Immigration Detainer, Notice of Action Form I-247A. Dkt. 10 at 4. On September 11, 2026, the Larry D. Smith Correctional Facility in Banning, California, notified ICE that Petitioner was being released from its custody. *Id.* at 2. ICE then issued a I-200 administrative arrest warrant and took Petitioner into federal custody the same day. *Id.*; Dkt. 10-2.

Petitioner, proceeding *pro se*, filed the instant petition on September 24, 2026. Dkt. 1. Petitioner alleges that ICE revoked Petitioner’s parole and re-

detained her without notice, pre-deprivation process, or an explanation. *Id.* Petitioner additionally alleges she has a pending Violence Against Women Act application and a pending Withholding of Removal application. *Id.* at 5. Petitioner argues (1) her re-detention without notice or a pre-deprivation hearing violates substantive and procedural due process and (2) her re-detention is arbitrary and capricious in violation of the Administrative Procedure Act. *Id.* at 6.

Respondents' answer was due on October 2, 2026. Dkt. 5. On October 3, 2026, Respondents' counsel noticed an appearance with the Court but did not file an answer. Dkt. 8. On October 5, 2026, this Court issued an Order to Show Cause why the Petition should not be granted as unopposed. Dkt. 9. The same day, Respondents filed their Answer and reply to the order. Dkt. 10. Respondents argue that Petitioner is subject to mandatory detention under Section 1226(c), as amended by the Laken Riley Act ("LRA"). *Id.* at 4-5. In the alternative, if the Court finds the LRA does not apply, Respondents argue she is lawfully detained under Section 1226(a). *Id.* at 5-6.

Petitioner filed her reply on October 16, 2026. Dkt. 14. She alleges she was picked up without a warrant or a hearing, despite living at liberty at a known and fixed address. *Id.* at 2-3. Furthermore, Respondents had previously determined she was neither a flight risk nor a danger to the community. *Id.* at 2. Petitioner argues she is entitled to immediate release on grounds that her arrest and subsequent detention violated the Fifth Amendment. *Id.* at 3.

## II. DISCUSSION

Petitioner argues that her re-detention without notice, an opportunity to be heard, or any purported justification violate due process and the APA. Dkt.

1 at 6. Because the process that a noncitizen is due depends in part on the statute that authorizes their detention, the Court begins by reviewing the statutory framework applicable to Petitioner's case.

Section 1226(a) is "the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). The statute provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Section 1226(c) "carves out a statutory category of aliens who may not be released under § 1226(a)." *Id.* at 289. The statute provides "[t]he Attorney General shall take into custody any alien who" is deportable or inadmissible based on a qualifying criminal conviction or conduct, subject to certain narrow exceptions. 8 U.S.C. § 1226(c). Because Section 1226(c) mandates detention, noncitizens detained under the statute are "not statutorily entitled to a bond hearing." *Avilez*, 69 F.4th at 527. "[T]he Government's authority to detain a noncitizen under" Section 1226(c) "applies during the administrative and judicial phases of removal proceedings." *Id.* at 535.

In January 2025, the LRA added a new category of persons subject to mandatory detention under § 1226(c): an individual who is "inadmissible" on certain grounds and "is charged with, ***is arrested for***, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, ***theft***, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious

bodily injury to another person." LRA, Pub. L. No. 119-1 (Jan. 29, 2025); *see* 8 U.S.C. § 1226(c)(1)(E) (emphasis added).

Here, Respondents detained Petitioner following her September 2026 arrest for petty theft with two priors under California Penal Code § 666.1(A)(1). Dkt. 10-1 at 3. Respondents argue that Petitioner is subject to mandatory detention under Section 1226(c), as modified by the LRA, by virtue of this arrest. Dkt. 10 at 4-5. In her reply, Petitioner does not dispute Respondents' recitation of her criminal history or that she is subject to mandatory detention. The Court therefore concludes Petitioner is subject to mandatory detention pursuant to Section 1226(c)(1)(E).

Because Petitioner is subject to mandatory detention, Petitioner has not shown that her re-detention violates due process or the APA. The Supreme Court has upheld mandatory detention—without a post-deprivation bond hearing—for noncitizens subject to Section 1226(c), at least as to brief periods of detention under the statute. *See Demore v. Kim*, 538 U.S. 510, 528-30 (2003). It follows that due process does not require a pre-deprivation hearing for noncitizens subject to mandatory detention. Petitioner argues that she is not a danger or flight risk, (Dkt. 1 at 6), but *Demore* permits the Government to detain noncitizens subject to mandatory detention without an individualized determination that their detention is warranted on danger or flight risk grounds.

In her reply brief, Petitioner makes clear that she is not seeking a bond hearing in this habeas action. Dkt. 14 at 2. The Court nonetheless observes that while noncitizens subject to mandatory detention under Section 1226(c) are not eligible for a bond hearing at the outset of their detention, in the Central District of California, such individuals are entitled to a bond hearing after six months of detention at which the Government must justify their

continued detention by "clear and convincing" evidence. *See Rodriguez v. Holder*, No. 2:07-cv-03239-TJH-RNB (C.D. Cal. Aug. 6, 2013). Here, however, Petitioner has not been detained more than six months.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is not entitled to habeas relief and DENIES the Petition. A separate judgment shall issue.

Dated: October 21, 2026

/s/

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE